The next case called Oral Argument is Patterson v. Midland States Bank. May it please the Court, Counsel. It's been said that justice delayed is justice denied, and if that's the case, then a battle like this for seven years on the pleadings is denying the plaintiff her justice. I suggest to you that in looking at this case, you are obligated to accept the facts pled in the complaint. You are not allowed to accept the facts that are argued in the circuit court by the defendants. You are not allowed to accept the facts that are in the brief. For example, the allegation that the bank is in the business of taking a risk when it makes a loan. I suggest that that applies in the face of every experience we have. But, of course, that's a factual allegation that the defendants are making, and it's not something that's in the complaint. The long and the short of it is that the complaint says a lady went into the bank, and a bank officer says to her, we'll take care of everything. We'll get you title. We'll take care of everything. We'll be your agent for the purpose of closing. You don't need anybody else. We'll even get the home inspection. And then she goes, and she gives her husband the assignment to fake a home inspection. The plaintiff comes in and looks at the home inspection. Hey, this house is in great shape. She even pays for the home inspection to the bank officer's husband and come to find out it's a phony, it's a fake, it's a fraud. There was no home inspection ever done. Under those circumstances... Are those facts disputed or undisputed that the home inspection was actually done? Because I think you allege that he only wrote a report. But is there evidence that he did not physically go do the inspection? That's what the complaint alleges, that he didn't do an inspection at all, that it was just... He wrote a report. He didn't do the inspection. And the allegations of the complaint taken as true are that the plaintiff paid for it. It would be like, show me the car fax. And you pay him for the car fax and you say the car is great and it doesn't have tires or it doesn't run. Under those circumstances, there are no causes of action that the plaintiff has alleged. I suggest to you that each of the causes of action... That is a fraud. It's an outright fraud. The complaint alleges that the bank gave her that so that she'd go ahead and do the closing because they stood to make money. It's clear that the inspector did it to make money. He was going to get paid for this report, but he didn't do the work. The allegation that the bank officer isn't an agent of the bank is ludicrous. There is no issue about that. A person walks into the bank and then a bank officer gets up and says, I'm going to take care of your loan and we'll do everything for you. There isn't any question that that person is an agent of the bank. And that isn't an issue in the case. The issue in the case is, did the bank become the agent for the plaintiff such that a fiduciary duty arose? And the complaint alleges that the bank officer said to you, we will accept that assignment. We'll do that for you. We'll be your agent. No facts to the contrary. The allegation of the complaint is they assumed that role, just as if I suggested that they agreed to act under a power of attorney. Or a lady walks into a lawyer's office and the lawyer says, I will represent you. He becomes a fiduciary. They said, according to the complaint, I'll be your agent. We'll take care of it all for you. And then she siphons money off her husband, who she knows isn't doing the report. She convinces the plaintiff to go ahead and close. The bank makes money, and the plaintiff has a house that's full of defects that are well documented in the complaint. Under those circumstances, I suggest to you, the plaintiff has stated a cause of action. We could pick and pick and pick forever, but those are the allegations, and they meet all of the exceptions. They set forth a claim for fraud. They set forth the exception to Borman. They set forth breach of a fiduciary duty. And as such, the court erred in dismissing this complaint. Thank you. Thank you, Counsel. Counsel? May it please the Court, Chris Clasby on behalf of the defendant, Midland States Bank, formerly known as Eppingham States Bank. I would ask the Court to limit my time to 10 minutes, as there is a co-defendant in this case. There's three points that I would like to expound upon briefly, brief today, in support of the trial court's affirmation of this case. One, the allegation of agency in this case has not been properly played. It is a fiduciary allegation in Counts 1 through 5 that the bank is this plaintiff's agent. Two, the negligence claim in Count 1 is barred pursuant to Borman, because one, there's no factual allegations fled in this count that would pass the muster for that exception. And two, just given the nature of this transaction, it would be barred pursuant to Borman. And three, in regard to the fraud counts, Counts 3 through 5, there is not enough specificity to pass the heightened fraud plea. Now, in regard to the agency count, plaintiff is alleging that Midland States Bank agreed to be the agent for purposes of procuring a home inspector and effectuating a closing. There's no dispute that they offered to provide an inspector to the bank, correct? Well, we haven't gotten to that point because there's been no answer. What we are contesting is that you can't just say there was an agreement of agency. That's no different than saying there was a contract. You have to plead the elements of an agreement of agency since, you know, at some point you can have an agency rise as a matter of law. However, when you're pleading that there's an express agreement of agency here, then you need to set forth facts that actually get you to that agreement of agency. Just as if you were pleading a contract, you need offer acceptance consideration in your pleading. Given that most people don't walk into a bank and say, or the bank says, I will be your agent. You don't talk in those terms. So that needs to be set out in the pleadings to be accepted as true. Counsel in his brief cites Supreme Court Rule 133 saying that you can allege generally that the condition precedents have been met. However, that is sidestepping the issue. That is, if you have a breach of contract action, you can allege that you've complied with your terms of the contract. However, you still have to, in that situation, allege the existence of a valid contract. I cited a case, American Environmental versus 3J Company. And in that case, there were two counts, but they were essentially the same counts. One was a contract count, and the next was an express agreement of agency count as well, I believe. And there, the court upheld both. And that makes sense, because if you can pass muster on the contract count, then you can certainly pass muster on the agency count as well. So for those reasons, the trial court judge, and this has been mentioned in the trial court several occasions. On the Second Amendment complaint, Judge Eder, at the record on 109, says you need to allege further facts to show this existence of agency. That was not done in the Third Amendment complaint. And that's why Judge Sedlin this last time also dismissed, because there hasn't been enough pled to show that express agreement of agency in counts 1 through 5. And specifically for count 2, which is the breach of fiduciary duty, which if you don't have that agreement of agency, then you don't have any fiduciary duty. So the second point I would like to address is that count 1 is alleging a negligence count. They are alleging that the bank was negligent in choosing a home inspector for the plaintiff. This count is only pleading economic damages. Now, the Mormon case, which most are familiar with, says that economic damages are not allowed in tort unless there are certain exceptions. The only exception for negligence would be a physical injury, or that would be the only one, unless you were pleading negligent misrepresentation. Negligent misrepresentation is not pled here in this count 1, which is telling that this would be, that there's no exceptions pled. However, if they had pled the exception, I don't think that a bank in this situation would even be able to pass that exception. The negligent misrepresentation exception is that if you're in the business of supplying information for the guidance of others, that you can have, that economic damages can be pled in tort. Now, courts have somewhat struggled with the business of supplying information for others because of the nature of the Mormon exception, which we must remember why we have the Mormon exception, which is that we prefer contract law over tort law in commercial transactions because we don't want tort law to overtake this because when you have a contract, you have, you can tell the benefit of your bargain. You have a much better idea of uncertainty in your transactions. So when courts are looking at this business of supplying information test, they have generally, a lot of courts concentrate on two issues. Is the product an informational product or a tangible product? When it's an informational product, it's much easier to say that, yes, we will allow the exception and you can plead economic damage in the tort. This is why when you're pleading malpractice against an attorney or an accountant or some other purely intangible issue, we allow it to go on because that is less involved with the reason for the Mormon doctrine. However, when you have a tangible product, a product liability, then you, then the Mormon doctrine is easier, is easier to come into play and preclude you from having a pleading that only has economic damages. And in this case, you have a bank that admittedly can deal in both information and tangible products, but you have to look at the transaction here that was involved, and the transaction here that was involved was a tangible product, a home loan. They come to the bank for the home loan. You don't come to a bank to get a home inspector. So, and what the courts have said that when you're looking at this main transaction, is that if the information is ancillary to that main transaction, then that information is not actionable in negligence. And that's what the first Midwest versus Stewart case stands for. The most recent Supreme Court case on this issue that went in that case involved a title commitment where there were parts of the title that were in another bank relied on the title because of its show of no restricted covenants. The bank relied on that, and later they tried to come at the title commitment to say that you have not, that we were able to rely on that title commitment, but the court says, no, you cannot rely on that. They're in the business of providing insurance, this tangible product, and that is the same argument that we are making here is that the home loan is the tangible product that we are dealing in and that the fact that there is a home inspection attached to that is ancillary information, and that is not something that the bank has a duty to provide. So there is no duty, and so the negligence count must fail. The last point I would like to discuss is that the fraud count in this case, counts three through five plead intentional misrepresentation, common law fraud, and consumer fraud. The last judge, Judge Stedland, has seen my time is up, so I will. Thank you. Thank you. Counsel? May I please report, Mr. Heller, Mr. Plasby? My name is David R. Fines. I'm here on behalf of George Taylor. I think it's important that this court kind of understand where this case is, where it started and where it's gone. Mr. Heller seems to suggest that there's been undue delay. I assume that he's not accusing the defendants of that. The fact of the matter is we're here on the pleadings, 2-6-15 motions, okay? Mr. Heller has opted to ask the trial court to certify and or deem the most recent motion to dismiss his third amended complaint with prejudice. That's why we're here. I think it's important to look at some of the earlier rulings. During my practice, I've been in many, many hearings on 2-6-15 motions and 2-6-19 whatever. All too often, the trial court will make a ruling by docket entry saying motions, you know, the motion to dismiss granted plaintiff leave to appeal. Now, what is the plaintiff to get out of that? Not a whole lot. They're going to have to try to interpret what the judge picked up on in argument before that particular honor. That's not the case in this particular situation. On three different occasions, the plaintiff has brought or we have filed motions to dismiss on the first, second, and third amended complaints. On three different occasions, the plaintiff has specifically been told in open court and via docket entry simple things that they needed to do in order to allege the elements of the causes of action that they were pleading. I agree with Mr. Heller, as I know this court does too. The facts pled in the complaint have to be taken as true. But the law is well-pleaded facts are taken as being true. And that's the key, well-pleaded facts. The first time that the plaintiff was advised, now, just my three counts, okay, against me are there's a negligent misrepresentation, there's a fraudulent representation, and there's a consumer fraud act. The first time that the plaintiff was put on notice of problems was in 2007. Judge Custer entered an order. It's found at C-157, filed June 15, 2007. As relates to my client, there was a negligent, not a negligent misrepresentation, just a negligence, a simple negligence cause of action. The court specifically pointed out that the plaintiff needed to allege a duty owed or the defendant owed a duty to the plaintiff with regard to the consumer fraud, which was the only other count at that point in time. Motion granted, the court does not find an allegation in the amended complaint that the defendant intended the plaintiff to rely on the deceptive practice act or practice. That's 2007. In 2010, Judge Eder had a hearing held on September 14, 2010, and I hope that the court has an opportunity to take a look at that transcript. Again, Judge Eder not only did he spell out more so in the counts against Mr. Cladley's client, but also mine, specifically said, just plead this. I'm paraphrasing. Just plead this, and we'll go on to the merits of this case. And I mean just detail, citing cases, citing the elements of various counts alleged by the plaintiff. The last and final, and mind you, Your Honors, there were other hearings where these things were discussed, but these are ones where substantive rulings were made. This is the docket entry from the last trial judge, entered on October, or I'm sorry, August 25, 2011. Again, not dealing with Mr. Cladley's client, but with my client, with regard to negligent misrepresentation. The court, as I spelled out in my brief, specifically, the Office of the Supreme Court specifically set forth the elements of both fraudulent and negligent misrepresentation. One of the elements for negligent misrepresentation is that for negligent misrepresentation, a plaintiff must also allege that the defendant owes a duty to the plaintiff to communicate accurate information. It doesn't say can. It doesn't say should. It says must. In the last docket entry, the judge specifically says Count 6 fails to allege a duty to provide accurate information. Now, the plaintiff may not like it. The plaintiff may think it's silly, but the Office of the Supreme Court says that's an element that needs to be alleged. It's a simple, very simple thing to do, but the plaintiff has chosen not to do that. With regard to Counts 7 and 8, the court specifically says both counts lie in fraud. This is the fraudulent misrepresentation and the Consumer Fraud Act. Both counts lie in fraud and require the intent to induce, meaning the defendant either committed an accepted practice act in order to induce the plaintiff to act. In the fraudulent misrepresentation, the defendant did something and intended the plaintiff to rely on that to that person's detriment and to induce them to act. That's all they have to do. Those are one-sentence allegations that have been set out as early as 2007 on some of the counts, and in any event, they've been around since 2010. Mr. Heller and his client were here because they certified the question. I guess my point is that this is not a situation where they had to guess what they needed to do. They were given sites to Illinois cases. They were given input, and in fact, in my opinion, the earlier trial courts basically told them what they needed to do. They almost drafted it for them. I just wanted to touch briefly on the – it's somewhat ironic that in the appellant's brief, my accounts take up one paragraph in the brief. One of the things that the appellant says is, again, that they should not have to plead that my client had a duty to provide accurate information. How difficult is that to do? The Illinois Supreme Court says you have to do that. In fact, it's ironic because Mr. Heller in his brief, the appellant, cites a case which was cited earlier. It's the Midwest v. Stewart title guarantee, which is an Illinois Supreme Court case, 218 Illinois 2nd, 326. His own case says, a duty on the party making a statement to communicate accurate information. So we would argue that that is a requirement, and it's a simple one that should be met. I think there's some – there's some mistake, I would argue, with regards to the – again, this is the last paragraph of his original – the appellant's brief. It says that the court erred in dismissing counts 7 and 8. Again, that's the fraudulent misrepresentation and the consumer fraud on the grounds that bank hired Taylor as opposed to claiming. That's not what the court ruled on. The court was specific in simply stating that counts 7 and 8, both accounts lie in fraud and require the intent to induce. The court goes on and alludes to some other issues, but based upon his ruling, there's no sense in getting into whose agent, if there was an agency, between the parties. So I think that is misleading. The other thing that – well, I guess the reply brief, again, my counts take up one paragraph of the reply, and again, that goes to the – again, the issue of pleading a duty to provide accurate information. It would be my client's position that the plaintiff has had ample opportunity, ample instructions from the court, not blind docket entries, and that the third amended complaint still fails to state causes of action because it did not allege the requisite elements for those causes alleged. Thank you. Thank you. Counsel? Counsel's argument seems to suggest that in Illinois there may be the opportunity to, when you're paid to provide information, to provide false information. All of the cases that relate to duties say that you plead facts and the law imposes a duty based upon the facts which are before the court. The facts are that the defendant was hired to provide a report, and rather than go out and do an inspection and provide a report, he faked it. The law would impose a duty to provide the report to do it. If you went to buy a car and they said, here's the car facts, you would be a consumer, there wouldn't be any question that they had an obligation to give you a legitimate report. They couldn't just make one up and let you take your chances. The complaint alleges that. Counsel doesn't suggest anything. He says, well, there should have been a conclusive allegation that the defendant had an obligation to comply with the law. The law imposes that duty. We don't have to make that conclusion in the pleadings. The docket entry that counsel refers to, the court specifically says, I've got a problem with the fact that Taylor was hired by the bank, that he was paid by the bank, and therefore, and the bank isn't a consumer, so the consumer product doesn't apply. The complaint doesn't say that. The complaint says that the plaintiff paid them and that he was retained for the plaintiff by the bank as her agent. So the suggestion that the court didn't take that into consideration in the dismissal is contrary to what the docket sheet shows. The long and short of it is when the plaintiff comes before the court and makes these kind of allegations, is that enough to proceed to discovery and get on the trial? We suggest that if you look at the complaint as a whole, there's no question but that it states cause of action for each of the elements that the plaintiff is claiming. One final note, and this is kind of a personal thing, I guess, but having read Mormon a number of times, the Mormon court never once said, never once in the opinion does it say that you cannot recover economic damages in tort. Recall Mormon was a series of tanks that had some defects in them and there were warning claims. Now, the court does talk about the advisability of using contract law versus tort law when there's merely a diminution in the commercial expectation. But what the court really said in Mormon was that if you only have economic laws, you may not proceed in strict liability in tort. I don't know how we twisted it to the point that we have, but the long and short of it is that in this case, the plaintiff has alleged that she went to the bank and one of the pieces of the puzzle that she wanted was an inspection. It wasn't ancillary to her. The bank wasn't taking a risk. This isn't a title company case. And again, as an aside, part of the reason that you can't rely on the title company and sue them for fraud is that the information they're giving you is a matter of public record. So you don't have any right to rely when somebody gets the public record wrong. But back to Mormon, she came in and she wanted a home inspection report to see that this house that she was going to go ahead and close on was okay. It was important to her, and that's what the complaint alleges, and that the bank and the home inspector were at a minimum negligent in providing to her a report to say, yeah, this house is fine, when in fact it wasn't. And they did it because they wanted, A, on behalf of the inspector to get paid. He wanted money. And, B, the bank wanted to close and make the fees that they would make.  There is an allegation that this information was provided to induce her to give up her money to close, to buy the house, to pay the mortgage, to pay the home inspector. And she got garbage. We suggest that the court simply err that this complaint does state a cause of action or multiple causes of action. The trial court should be reversed. Thank you. Thank you, counsel. I appreciate the brief arguments of all counsel. We'll take the case under advisory for the court to be adjourned. All rise.